IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GREGORY WING,<br><br>               Plaintiff,<br><br>v.<br><br>LT. GRAY and MENTAL HEALTH SERVICES,<br><br>               Defendants. | Civil Action No. 23-1336-RGA |

MEMORANDUM RE: DISMISSAL OF COMPLAINT

Plaintiff is now an inmate at Vaughn Correctional Center. He has sued Lt. Gray and Mental Health Services.

He states that while he was at Howard R. Young Correctional Institution, he was subjected to an Eighth Amendment violation, which he describes as occurring from May 2021 to April 4, 2023. (D.I. 2 at 5).

He succinctly describes what happened.

His mother died May 2, 2021. He was notified of this and taken by Lt. Gray and Mental Health Services so he could contact family members. But because of the COVID-19 pandemic, he was not allowed "to attend my brother and mother's funeral." He would, though, be allowed to see "footage [of the funeral] via Zoom." When the funeral happened, no one came to take him to the "video visit room." So he did not get to see his mother's funeral or interact with family members. He made some complaints within the prison. He made unsuccessful suicide attempts in May 2021 and in April 2022. On each occasion, his cell mate stopped him. Plaintiff does not state that he suffered any injury from either of the suicide attempts, or, indeed, that he had any interactions related to them other than with his cell mates. Plaintiff states that the suicide

attempts were because he did not get "closure" in connection with his mother's death. Other officers stated that when he was transferred to Vaughn (which was in April 2023), he would be able to watch "recording footage" of the funeral. Although it is not directly stated, it appears that he did not get to watch footage then either. (D.I. 2 at 5).

Lt. Gray's involvement in the events appears to be limited to what he did in May 2021. Plaintiff did not file his suit until November 17, 2023.[1] Thus, there are two problems with the complaint against Lt. Gray. One is that to state a viable § 1983 claim, a plaintiff must allege facts showing a deprivation of a constitutional right, privilege or immunity by a person acting under color of state law. *See Daniels v. Williams*, 474 U.S. 327, 330 (1986). Telling a pretrial detainee that arrangements would be made so that he could view his mother's funeral and then not following through with that promise is, to say the least, not exemplary behavior, but it is not a § 1983 claim. Assuming that it was, however, the relevant statute of limitations would be the tort statute of limitations. In Delaware, the tort statute of limitations is two years. 10 Del. C. § 8127. Since Lt. Gray's actions were in May 2021, and the complaint was not filed until November 2023, it is about six months too late. The complaint against Lt. Gray will be dismissed for failure to state a claim.

Mental Health Services is not a person. It therefore cannot be sued under § 1983.

Thus, the complaint must be dismissed for failure to state a claim.

Plaintiff is pro se. Although it seems unlikely that Plaintiff can successfully amend his complaint to state a claim, I will give him that opportunity.

A separate order will issue.

/s/ Richard G. Andrews
United States District Judge

---

[1] That is the date the complaint was signed by Plaintiff. It was placed on the docket on November 21, 2023.